

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CASE NO. 1:15-CR-44 |
| | § | |
| NELSON ORTUNO-NUNEZ | § | |
| a/k/a JOSE ARROYO | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003). On June 11, 2015, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Nelson Ortuno-Nunez, on **Count One** of the charging **Indictment** filed in this cause.

Count One charges that from on or about November 4, 2014 to in or about March, 2015, Nelson Ortuno-Nunez a/k/a Jose Arroyo, defendant, an alien who had previously been denied admission, excluded, deported and removed from the United States on April 11, 2008, after having been convicted of a felony, Possession of a Controlled Substance, Cocaine, in Criminal District Court, Jefferson County, Texas, cause number 07-00236, on November 26, 2007, and was thereafter found unlawfully in the United States, to wit: in Jefferson County, in the Eastern District of Texas, said defendant not having received the express consent of the Attorney General, and the Secretary of Homeland Security, the successor pursuant to United States Code, Section 6, for reapplication for admission to the United States, in violation of 8 U.S.C. § 1326(a).

Defendant, Nelson Ortuno-Nunez, entered a plea of guilty to Count One of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the

plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

    c.    That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offenses and Defendant realizes that his conduct falls within the definition of the crimes charged under 8 U.S.C. § 1326(a).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government and Defendant submitted separate factual basis filings. The defendant agreed with the statements in his factual basis and signed that factual basis which was filed in the record and plea hearing. All parties agreed that the stipulated statements in defendant's factual basis constitute proof of each of the essential elements of the charged crimes. The Court incorporates the proffer of evidence described in detail on the record in support of the guilty plea.

Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States

Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count One** of the charging **Indictment** on file in this criminal proceeding. Accordingly, it is further recommended that, Defendant, Nelson Ortuno-Nunez, be finally adjudged as guilty of the charged offense under **Title 8, United States Code, Section 1346.**

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. The Court advises Defendant that the District Court may reject the plea and the District Court can decline to sentence Defendant in accordance with the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir.

1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 15th day of June, 2015.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE